IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **LYNN D. BECKER,**<br><br>　　　**Plaintiff,**<br><br>vs.<br><br>**UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,**<br><br>　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-CV-643-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Lynn D. Becker's Motion for Reconsideration [ECF No. 53]. The parties have briefed the motion, and the court concludes that oral argument would not significantly aid in its determination of the motion. The court, therefore, enters the following Memorandum Decision and Order based on the parties' submissions and the law and facts relevant to Plaintiff's motion.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012.  A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Plaintiff has not attempted to meet any of these standards.  Plaintiff has not offered new facts or arguments. He claims that the court misunderstood the facts. However, the court was fully aware of the case history and believes that it correctly recited that history in its decision. It is Plaintiff that continues to misrepresent prior court rulings. Plaintiff merely reargues his prior positions. Plaintiff cites to no intervening change in controlling law or new evidence that warrants reconsideration of the court's prior order.  Therefore, the court concludes that Plaintiff's motion lacks merit.  Accordingly, Plaintiff's Motion for Reconsideration [ECF No. 53] is DENIED.

DATED this 22nd day of April 2026.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge

2